UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY E. LEWIS,  )  CASE NO.: C08-1239-RSL
                   )
   Petitioner,     )
                   )
   v.              )  REPORT AND RECOMMENDATION
                   )
JEFFREY UTTECHT,   )
                   )
   Respondent.     )
_____)

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, raising the statute of limitations as a bar to the Court's consideration of the petition. Petitioner has filed a response to respondent's motion. Having reviewed the parties' submissions and the balance of the record, the Court concludes, as set forth below, that the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

Petitioner was convicted in 1991, after pleading guilty to several criminal charges in King County Superior Court. (Dkt. No. 9, Ex. 1, 2, 3). His attorney filed an appeal almost a year later

REPORT AND RECOMMENDATION
PAGE -1

in the Washington Court of Appeals. (*Id*., Ex. 7). The Court of Appeals dismissed the appeal on July 26, 1993, after denying petitioner's motion to enlarge time. (*Id*., Ex. 5). Petitioner finished serving the sentence imposed pursuant to his 1991 convictions and was released in 1997. (*Id*., Ex. 4). Petitioner is currently incarcerated again, but his present confinement is due to a 2007 conviction. (*Id*.). In 2008, petitioner filed a personal restraint petition ("PRP") challenging the 1991 conviction. (*Id*., Ex. 9). The PRP was dismissed on October 7, 2008. (*Id*.)

On August 26, 2008, petitioner filed a federal habeas petition under 28 U.S.C. § 2254. (Dkt. No. 4). Respondent filed the instant motion to dismiss on October 13, 2008. (Dkt. No. 9). Petitioner filed a response to the motion on October 27, 2008; respondent has not filed a reply, and the matter is now ready for review.

## GROUNDS FOR RELIEF

In his § 2254 petition, petitioner raises the following two grounds for relief:

1. Ineffective Assistance of Counsel of [sic] Attorney's failure to timely file a notice of appeal.

2. Due Process Violation under the Fourteenth Amendment.

(Dkt. No. 4 at 6, 7).

## DISCUSSION

Respondent's motion to dismiss is based upon his argument that petitioner's habeas petition is untimely under the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S. § 2244. While this argument appears logical, as petitioner waited approximately fifteen years after his convictions were final to file the instant petition, the facts are a bit more complex than respondent suggests. In his response to the motion

REPORT AND RECOMMENDATION
PAGE -2

to dismiss, petitioner argues that the sentence for his 2007 conviction was improperly enhanced by the prior 1991 convictions. (Dkt. No. 10 at 2). The 1991 convictions, petitioner maintains, are "constitutionally infirm" because his attorney failed to file a timely notice of appeal challenging the convictions.[1] (*Id.*) Thus, petitioner seeks to challenge his 2007 sentence through the instant habeas petition on the ground that the 1991 convictions, used to enhance the 2007 sentence, were unconstitutionally obtained.

The Supreme Court addressed precisely this situation in *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). In *Lackawanna*, the Court held that where, as here, prior expired convictions are used to enhance a state sentence, the expired convictions generally may *not* be challenged "through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-404. The only exception recognized by the Court to this rule is if the prior conviction was obtained without counsel having been appointed to represent the petitioner. Because petitioner was represented by counsel when he pleaded guilty to his 1991 convictions, *Lackawanna*'s "failure to appoint counsel" exception does not apply and petitioner is precluded from collaterally attacking those convictions through the instant habeas petition. *Id.* Accordingly, respondent's motion to dismiss should be granted and the petition dismissed with prejudice.

CONCLUSION

For the foregoing reasons, petitioner's habeas petition, and this action, should be dismissed

---

[1] Petitioner does not state how he was prejudiced by counsel's alleged failure to file a timely notice of appeal. In other words, he does not set forth any grounds on which his 1991 convictions could have been attacked in a direct appeal.

01 with prejudice. A proposed Order is attached.

02 DATED this 1st day of December, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4